Filed 5/19/22  P. v. Rodgers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CORY JAMES RODGERS,<br><br>    Defendant and Appellant. | H049572<br>(Monterey County<br> Super. Ct. Nos. 21CR002810,<br> 20CR010734, 20CR008435) |

## I.    INTRODUCTION

As part of a global resolution of several cases, defendant Cory James Rodgers pleaded no contest to unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), misdemeanor inflicting corporal injury on a spouse, cohabitant, or child's parent (Pen. Code, § 273.5),[1] and misdemeanor battery on a spouse, cohabitant, or noncohabitant (§ 243, subd. (e)(1)).  Pursuant to section 1170, subdivision (h), the trial court sentenced defendant to 16 months in the county jail for his violation of Vehicle Code section 10851, subdivision (a).  The court sentenced defendant to a consecutive 180 days in the county jail for his violation of section 273.5 and a consecutive 312 days in the county jail for his violation of section 243, subdivision (e)(1).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case but raises no issues. We notified defendant of his right to submit written argument on his own behalf within 30 days. We have received no written argument from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and determined that there are no arguable issues on appeal. Following the California Supreme Court's direction in *Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background[2]*

#### 1. Case No. 21CR002810

On January 20, 2021, California Highway Patrol officers responded to a report of a disabled vehicle on a beach in Moss Landing. When the officers arrived at approximately 3:50 a.m., the reporting party, Jane Doe, stated that she and defendant had driven onto the beach in their pickup truck. They did not realize that the tide was rising. The truck got stuck. Defendant became upset and walked away. Doe stated that defendant had rented the truck and drove the truck before it became stuck.

The truck was buried in sand up to its floorboards and had to be towed off the beach. Officers located rental paperwork from Gilroy Toyota with defendant's name on it.

On January 25, 2021, Gilroy Toyota reported the truck stolen. One of the dealership's employees told Gilroy police that defendant rented the vehicle on

---

[2] The facts are based on the probation report. The probation report provided the factual basis for defendant's plea in case No. 21CR002810. The parties stipulated that there was a factual basis for defendant's plea in case Nos. 20CR008435 and 20CR010734.

January 13, 2021. Defendant was supposed to return the vehicle to the dealership the next day, but he failed to return it.

### 2. Case No. 20CR010734

On December 8, 2020 at approximately 2:03 p.m., Monterey County Sheriff deputies were dispatched regarding a possible kidnapping near North Monterey County High School. When deputies located the reporting party, Jane Doe, she stated that she met with defendant at a car wash in Castroville to give him money for tires. Doe got inside defendant's vehicle. Defendant began driving away from Castroville. As defendant was driving, he became aggressive toward Doe.

Doe stated that she told defendant to take her back to the car wash, but he refused. Doe said that she was scared and tried to get out of the vehicle, but defendant locked the doors. When Doe was eventually able to open the door, defendant held onto her so she could not exit the vehicle. Doe broke free, but defendant exited the vehicle and grabbed her. Defendant punched Doe a number of times and may have kicked her. Defendant picked Doe up and threw her into the vehicle. Defendant drove Doe back to her vehicle and she drove away.

Doe stated that she had been dating defendant for three years and they had a child together. The deputies confirmed that Doe had two active restraining orders against defendant.

### 3. Case No. 20CR008435

On September 20, 2020, Monterey County Sheriff deputies responded to a report of domestic battery. The reporting party, Jane Doe, stated that she got into an argument with defendant while they were in a parked vehicle with their one-month-old baby in the backseat. At some point, defendant exited the vehicle and threw a mug filled with coffee at the front of the vehicle. Defendant opened the driver's side door and took the keys from the ignition. Doe and defendant struggled for the keys. Defendant grabbed and twisted Doe's middle finger and was able to obtain the keys. Defendant took the car keys

and Doe's cell phone and began to walk away. Doe yelled, "Somebody help me!" Defendant threw the keys and phone at Doe.

## B. *Procedural Background*

In case No. 21CR002810, defendant was charged by complaint with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and misdemeanor violating a criminal protective order (§ 166, subd. (c)(1)). In case No. 20CR010734, defendant was charged by information with kidnapping (§ 207, subd. (a)), inflicting corporal injury on a spouse, cohabitant, or child's parent (§ 273.5, subd. (a)), false imprisonment by violence (§ 236), and misdemeanor violating a criminal protective order (§ 166, subd. (c)(1)), and it was alleged that defendant committed the felony offenses while released on bail or his own recognizance (§ 12022.1, subd. (b)). In case No. 20CR008435, defendant was charged by complaint with misdemeanor battery on a spouse, cohabitant, or noncohabitant (§ 243, subd. (e)(1)).

As part of a global resolution including several additional cases not before us, defendant pleaded no contest to violating Vehicle Code section 10851, subdivision (a) in case No. 21CR002810; section 273.5 as a misdemeanor in case No. 20CR010734; and section 243, subdivision (e)(1) in case No. 20CR008435. The parties agreed that defendant would be placed on felony probation for two years. Defendant was released from custody pursuant to a "*Cruz* waiver."[3]

Defendant subsequently failed to appear for sentencing and a bench warrant issued for his arrest. Defendant was arrested several weeks later.

In case No. 21CR002810, the trial court sentenced defendant to the low term of 16 months in the county jail pursuant to section 1170, subdivision (h). The court

---

[3] A "*Cruz* waiver" gives a trial court the power to "withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term," if the defendant willfully fails to appear for sentencing. (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.)

awarded defendant zero credits and ordered him to pay a restitution fine of $300 (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), and a $4 emergency medical air transportation penalty (Gov. Code, § 76000.10). The court ordered defendant to pay victim restitution in an amount to be determined.

In case No. 20CR010734, the court sentenced defendant to a consecutive 180 days in the county jail and awarded defendant zero credits. The court ordered defendant to pay a $150 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). The court dismissed the remaining counts and struck the enhancements.

In case No. 20CR008435, the court sentenced defendant to a consecutive 312 days in the county jail and awarded defendant 312 days of credit. The court ordered defendant to pay a $150 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

## III. DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV. DISPOSITION

The judgment is affirmed.

5

_____
                     BAMATTRE-MANOUKIAN, ACTING P.J.




WE CONCUR:




_____
DANNER, J.




_____
WILSON, J.




*People v. Rodgers*
**H049572**